Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire
CIARDI CIARDI & ASTIN
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA  19103
(215) 557-3550
Proposed Counsel to the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| BALTIMORE INNER HARBOR, LLC, | : |
| | : BANKRUPTCY NO. 10-19623 |
| DEBTOR. | : |
| | : |

**MOTION OF THE DEBTOR TO VOLUNTARILY DISMISS
AND FOR EXPEDITED RELIEF**

Baltimore Inner Harbor, LLC, (the "Debtor") by and through its undersigned counsel, files this Motion of the Debtor to Voluntarily Dismiss (the "Motion") and respectfully sets forth as follows:

1. On November 4, 2010, Debtor filed a Voluntary Bankruptcy Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. The Debtor now wishes to have the above captioned matter voluntarily dismissed.

3. As it stands, the Debtor is unable to meet its obligations going forward.

4. Currently the Debtor's sole asset, 414 Light Street, Baltimore, Maryland (the "Property"), is insured.  However, Despite the request of the Office of the United

States Trustee, the Debtor is unable to obtain insurance for Baltimore Inner Harbor, LLC, nor is it able to pay for said insurance.

5. The Debtor is indebted to 414 Light Street Associates, LLC, successor in interest to Susquehanna Bank, in the approximate amount of $24,329,576.54 and an additional $12,000,000 in unsecured debt.

6. The Debtor determined that no equity exists in the Property after the estimated cost of sale.

7. Given the above-referenced shortfall, there would likely be no return to unsecured creditors should the above-captioned case be converted.

8. The Petition Date for the above-captioned case is November 4, 2010. While the Debtor has yet to file a Monthly Operating Report, its distributions remain at zero as the Debtor is not currently operating and thus its estimated fees owed to the Office of the United States Trustee fall at $325. The Debtor will make this payment to the Office of the United States Trustee prior to the entry of an order dismissing the above-captioned case.

9. Section 1112(b) of the Bankruptcy Code provides that "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and these estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1).

10. Cause does exist for the dismissal of this case in that the Debtor has suffered continuing losses to or diminution of the estate combined with the absence of a reasonable likelihood of reorganization pursuant to 11 U.S.C. § 1112(b)(4)(A).

11. Additionally, as a result of the Debtor's possible state court claims, any delay may cause loss to, or diminution in value of, the Debtor's estate.

### REQUEST FOR EXPEDITED HEARING

12. Ciardi Ciardi & Astin requests that an expedited hearing be scheduled on the Motion on **Monday, November 22, 2010,** or at the earliest date convenient to the Court's calendar, and that the notice period be reduced accordingly.

13. Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides that the court may, in its discretion, reduce the notice period. See Fed. R. Bankr. P.9006(c).

14. Ciardi Ciardi & Astin also requests that this Court reduce the notice period to schedule the expedited hearing. Ciardi Ciardi & Astin proposes that this Court permit notice of the hearing to be served by next day mail, facsimile transmission or electronic transmission upon (i) the Office of the United States Trustee for the Eastern District of Pennsylvania, (ii) 2002 list, (iii) the top 20 unsecured creditors and (iv) all secured creditors.

15. Ciardi Ciardi & Astin believes that such notice to the parties is reasonably calculated to inform creditors regarding the relief that is being requested and is sufficient under the circumstances.

16. Reduction of the time period in question is not prohibited under Fed. R. Bankr. P. 9006 and the rules listed therein.

WHEREFORE, the Debtor respectfully requests that this Honorable Court dismiss the above referenced bankruptcy case, and any other relief deemed just and proper.

DATE:  11.15.2010                                              CIARDI CIARDI & ASTIN

*/s/ Jennifer E. Cranston*
Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, Pa 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardi@ciardilaw.com
jcranston@ciardilaw.com

Attorneys for Debtor